J-S41012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WENDELL F. JOHNSON, | |
| Appellant | No. 3227 EDA 2015 |

Appeal from the PCRA Order Entered September 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1238161-1990

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 14, 2016**

Appellant, Wendell F. Johnson, appeals *pro se* from the September 18, 2015 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's underlying convictions are not necessary to our disposition of his appeal.  The PCRA court briefly summarized the pertinent procedural history of Appellant's case, as follows:

> On September 17, 1992, [Appellant] was sentenced to 65 to 130 years' incarceration for five counts of robbery as a felony [of] the first degree, two counts of conspiracy and two counts of possession of an instrument of crime by the Honorable Marvin Halbert.  After [Appellant] filed an appeal, the Superior Court remanded the case for re-sentencing on the grounds that the trial court had not referenced the applicable guidelines for the

_____

[*] Former Justice specially assigned to the Superior Court.

crimes for which [Appellant] was convicted.[1] Thereafter, [Appellant] filed another appeal which was dismissed due to the failure of his lawyer to file a brief. [Appellant] then filed a petition under the [PCRA] and his appellate rights were reinstated, but the Superior Court declined to consider the issue of the appropriateness of [Appellant's] sentence, and the Pennsylvania Supreme Court denied *allocatur* on February 1, 2000. [**See Commonwealth v. Johnson**, 742 A.2d 205 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 751 A.2d 186 (Pa. 2000).] [Appellant's] judgment became final ninety days thereafter when his ability to file for discretionary review in the United States Supreme Court had expired.

> [1] [Appellant] was subsequently re-sentenced on May 29, 1996, and received the same 65 to 130 years' incarceration.

[Appellant's] next [PCRA] petition was filed on February 26, 2001, wherein counsel was appointed to represent [him]. Counsel then filed a letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), and this court dismissed the petition based on a lack of merit.

The instant PCRA petition … was filed on June 24, 2015, and a [Pa.R.Crim.P.] 907 Notice of Intent to Dismiss was mailed to [Appellant] on August 18, 2015.

PCRA Court Opinion, 9/18/15, at 1-2 (one footnote omitted).

Appellant did not respond to the PCRA court's Rule 907 notice, and on September 18, 2015, the court issued an order, and an accompanying opinion, dismissing his petition as being untimely filed. Appellant filed a timely, *pro se* notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) statement, nor did the court draft a Rule 1925(a) opinion, presumably because it set forth its rationale for denying Appellant's petition in its September 18, 2015 opinion, quoted *supra*. Herein, Appellant presents one question for our review: "Did the Honorable PCRA [c]ourt err when it dismissed [Appellant's] PCRA Petition without a hearing, and where …

[Appellant] pled and would have been able to prove that the [c]ourt imposed an illegal sentence[?]" Appellant's Brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on May 1, 2000, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Consequently, Appellant's current petition, filed in June of 2015, is patently untimely, and for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In his petition, and on appeal, Appellant argues that several mandatory minimum sentences imposed in his case are illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable

doubt. ***Alleyne***, 133 S.Ct. at 2163. Presumably, Appellant's reliance on ***Alleyne*** is an effort to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii). His attempt do so, however, fails outright because ***Alleyne*** was decided on June 17, 2013, and Appellant's petition was not filed until June 24, 2015, over two years later. Consequently, Appellant has not satisfied the 60-day requirement of section 9545(b)(2).

Nevertheless, we also note that Appellant's reliance on ***Alleyne*** cannot satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii). In ***Commonwealth v. Abul-Salaam***, 812 A.2d 487 (Pa. 2002), our Supreme Court stated:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Id.*** at 501.

In ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014), this Court held that ***Alleyne*** does not meet the second requirement of section 9545(b)(1)(iii), stating:

Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), *citing* *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also, e.g.*, *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Id.* at 995. Since *Miller*, neither our Supreme Court, nor the United States Supreme Court, has held that *Alleyne* applies retroactively. Thus, *Alleyne* still cannot be the basis for application of the timeliness exception of section 9545(b)(1)(iii).[1]

We acknowledge that since *Alleyne*, this Court has issued a line of cases deeming mandatory minimum sentencing statutes unconstitutional. Notably, in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), we held that the mandatory sentencing provision under which Appellant was

---

[1] Obviously, if at some point our Supreme Court or the United States Supreme Court expressly holds that *Alleyne* does apply retroactively, Appellant will have 60 days from the date of that decision to file a PCRA petition reasserting the exception set forth in section 9545(b)(1)(iii).

sentenced, 42 Pa.C.S. § 9712 (Sentences for offenses committed with firearms), is unconstitutional in its entirety in light of *Alleyne* and this Court's *en banc* decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (holding that one mandatory minimum sentencing provision, 42 Pa.C.S. § 9712.1, is unconstitutional, in its entirety, in light of *Alleyne*). "It is also well-established that '[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.'" *Commonwealth v. Fennell*, 105 A.3d 13, 16 (Pa. Super. 2014) *Id.* (quoting *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted)). Arguably, then, Appellant's sentence, imposed under a now-unconstitutional sentencing statute, is illegal.

However, because Appellant's PCRA petition is untimely, and he has not satisfied a timeliness exception, we do not have *jurisdiction* to *correct* that illegal sentence. *See Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) ("[A]lthough a legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) ("[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition."). Thus, we affirm the PCRA court's denial of Appellant's untimely petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2016